# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

ERIN WILSON, on behalf of herself
and others similarly situated,

      Plaintiff,

v.

SPF SCREENS & AWNINGS LLC,

      Defendant.

Case No. 1:25-cv-06575

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff Erin Wilson ("Plaintiff") and Defendant SPF Screens & Awnings LLC ("SPF") and through undersigned counsel, hereby submit this Joint Preliminary Report and Discovery Plan.

1. **Description of Case:**

   (a)     <u>**Describe briefly the nature of this action.**</u>

   <u>Plaintiff's Statement:</u>

   Plaintiff filed a class action complaint against Defendant through which is it asserted Defendant routinely violated the Telephone Consumer Protection Act ("TCPA") by making calls to individuals on the Do Not Call Registry who had no relationship with Defendant, despite that being required by the TCPA.

   Defendant's suggestion that Plaintiff is engaged in a "fraudulent scheme" to

manufacture TCPA violations is speculative, unsupported, and false.

SPF does not identify a single piece of evidence showing that Plaintiff submitted her own number to SPF, authorized anyone to do so, or participated in any coordinated activity to induce unlawful calls. Instead, SPF relies entirely on innuendo: that other lawsuits exist and that a similar name (the Defendant is incorrect that all of the lawsuits they list below relate to the same person submitting a lead) appears in unrelated consent submissions. If that information was inaccurate, fabricated, or improperly obtained, that is a risk created by SPF's marketing practices—not Plaintiff's wrongdoing.

Courts routinely recognize that consumers who receive repeated unlawful telemarketing calls may bring multiple TCPA actions. A plaintiff's history of enforcing her statutory rights does not immunize telemarketers from compliance, nor does it transform them into victims. Indeed, if the Defendant had verified the accuracy of any submission of data they relied on to make marketing calls before making the marketing calls, they would not be a defendant in this lawsuit.

Moreover, the insinuation of fraud is particularly inappropriate at this stage. Accusing a named plaintiff of a fraudulent scheme—without pleading it as a counterclaim and without evidentiary basis—is a litigation tactic designed to intimidate and distract from whether SPF made telemarketing calls without valid consent.

2

<u>Defendant's Statement:</u>

Defendant SPF denies the allegations made by Plaintiff.  Plaintiff alleges that she has received text messages from SPF because someone else submitted her telephone information to SPF.  But Plaintiff has filed at least 14 similar cases in this district in the last six months, each one based on someone else purportedly submitting her information to a different company to receive information from that company.  In at least seven of these matters, including this one, Plaintiff's phone number was submitted in association with a person with a variation of the name Chintan Sheth or Ninapulin Sheth.  SPF's position is that each of these cases is related, and that there is a possibility that Plaintiff is engaged in a fraudulent scheme to manufacture false TCPA violations for her own profit.  SPF needs discovery to determine whether and the extent to which Plaintiff is involved in these matters.

SPF also denies that this matter is suitable for class treatment.  Among other defenses that SPF reserves and does not intend to waive by not mentioning them here, the facts noted above render the Plaintiff unrepresentative of the class, render her claims atypical, and subject her to numerous individualized issues of evidence that would predominate.  Both of Plaintiff's claims are also subject to statutory affirmative defenses that preclude the viability of Plaintiff's stated claims of erroneous calls, even if true.  *See* 47 U.S.C. § 227(c)(5); O.C.G.A. § 46-5-27(j); O.C.G.A. § 46-5-27(j.1).

3

**(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff's Statement:

Plaintiff maintains that there was no prior relationship with Defendant, never signed up for any of their offerings or provided consent to be called.  Nevertheless, it is alleged that telemarketing calls were received from the Defendant.

Defendant's Statement:

SPF received information from a person named Chintan Sheth, including consent to call or text Chintan Sheth, requesting that SPF contact Chintan Sheth regarding its services.  SPF contacted Chintan Sheth at the telephone number provided in the consent form, which is the number at issue in this matter.  Plaintiff claims that the number provided with Chintan Sheth's consent was hers, and that she did not consent to be contacted.

**(c)    The legal issues to be tried are as follows:**

Plaintiff's Legal Issues:

1.    Whether Plaintiff or any similarly situated individuals can establish a claim under the TCPA (47 U.S.C. § 227(c)(5));

2.    Whether this action should be certified as a class action;

3.    Whether Plaintiff or any similarly situated individuals' claims are barred or limited by any defenses Defendant may have; and

4.    Whether Plaintiff or any similarly situated individuals are entitled to damages, and if so, the amount of the damages.

4

Defendant' Legal Issues:

1.    Whether Plaintiff provided consent to be contacted.

2.    Whether SPF's policies and procedures related to consent are sufficient to warrant the protection of 47 U.S.C. § 227(c)(5) and O.C.G.A. § 46-5-27(j).

3.    Whether SPF is entitled to the protection against claims provided by O.C.G.A. § 46-5-27(j.1).

4.    Whether Plaintiff's possible involvement in a scheme to manufacture TCPA claims nullifies her claims.

5.    Whether Plaintiff has incurred any actual damages by the actions of SPF, versus the actions of the purported third party who has submitted her information to multiple different companies.

The parties reserve the right to amend, and/or add to this list of issue to be tried.

**(d)    The cases listed below (include both style and action number) are:**

       (1)    Pending Related Cases:

       (2)    Previously Adjudicated Related Cases:

None. SPF's assertion that the other cases are "related" because they allegedly involve similar fact patterns is legally incorrect. Cases are related when they arise from the same transaction or occurrence or involve the same defendant.

Each of the cases SPF lists:

- Involves a different defendant;

- Involves different marketing campaigns;

- Involves different lead-generation vendors;

57274455.2

- Involves different call records;

- Involves different consent databases;

- Involves different compliance policies and procedures.

The only commonality SPF identifies is Plaintiff's phone number. That is not a shared transaction or occurrence. That is simply the reality of modern telemarketing—multiple companies purchase or receive lead data from overlapping third-party sources.

Defendant's Statement:

SPF contends that the following matters are all related cases, because they all assert similar or identical fact patterns against various defendants based on what appears to be the same third party submitting Plaintiff's information to the companies. If Plaintiff is involved in a fraudulent scheme to manufacture TCPA claims, these matters all arise out of that same fraudulent scheme.

- *Wilson v. Tradercodes, LLC*, 1:25-cv-3211, filed on June 9, 2025;

- *Wilson v. CookUnity, LLC*, 1:25-cv-3237, filed on June 9, 2025, closed on January 29, 2026;

- *Wilson v. QuickAid, Inc.*, 1:25-cv-3238, filed on June 9, 2025;

- *Wilson v Grocery Delivery E-Services USA, Inc.*, 1:25-cv-3262, filed on June 10, 2025;

- *Wilson v. Real Health Roots, LLC*, 1:25-cv-3808, filed on July 9, 2025;

6

- *Wilson v. Perpay, Inc.¸* 1:25-cv-4588, filed on August 14, 2025, closed on August 29, 2025;

- *Wilson v. Royal United Mortgage, LLC*, 1:25-cv-6150, filed on October 28, 2025;

- *Wilson v. Leadpoint, Inc.*, 1:25-cv-6200, filed on October 29, 2025;

- *Wilson v. Amerisave Mortgage Corporation*, 1:25-cv-6218, filed on October 30, 2025;

- *Wilson v. Vande Ayurwell, LLC*, 1:25-cv-6219, filed on October 30, 2025;

- *Wilson v. 360 Lending Corp.*, 1:25-cv-7121, filed on December 15, 2025;

- *Wilson v. Wise Up Financial, LLC*, 1:26-cv-616, filed on February 2, 2026;

- *Wilson v. McNamara Chiropractic*, 2:25-cv-201, filed on July 9, 2025.

2. **This case is complex because it possesses one (1) or more of the features listed below (please check):**

|   |   |   |
|---|---|---|
| x | (1) | Unusually large number of parties |
| _____ | (2) | Unusually large number of claims or defenses |
| x | (3) | Factual issues are exceptionally complex |
| x | (4) | Greater than normal volume of evidence |
| x | (5) | Extended discovery period is needed |
| _____ | (6) | Problems locating or preserving evidence |
| _____ | (7) | Pending parallel investigations or action by government |
| x | (8) | Multiple use of experts |
| _____ | (9) | Need for discovery outside United States boundaries |
| _____ | (10) | Existence of highly technical issues and proof |
| x | (11) | Unusually complex discovery of electronically stored information |

Defendant denies that these factors apply to resolution of Plaintiff's claim.

57274455.2

3. **Counsel: The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Lead counsel for Plaintiff:        Anthony Paronich
                                   Paronich Law, P.C.

Lead counsel for Defendant:     Jason W. McElroy, Saul Ewing LLP

4. **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

☐   **Yes**        ☒   **No**

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

Defendant's Statement: Not at present with respect to Plaintiff's individual claim. Defendant reserves the right to compel arbitration against purported absent class member(s) who were not contacted in error.

5. **The names of necessary parties to this action who have not been joined and any questions of misjoinder of parties and inaccuracies and omissions regarding the names of parties.**

**Parties to This Action:**

(a)    The following persons are necessary parties who have not been joined:

Plaintiff's Response: To the extent Defendant used any vendor to send any of the subject calls, Plaintiff may add the vendor to this matter as a party-defendant once Plaintiff learns, through discovery, of the identity of any vendor used by Defendant and the extent to which the vendor participated in sending the telemarketing calls at issue.

Defendant's Response: <u>Chintan Sheth, the person who Plaintiff purports submitted her telephone number to SPF.</u>

(b)    The following persons are improperly joined as parties:

None.

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

SPF Screens and Awnings, LLC is improperly named.  The entity's true name is Sun Protection of Florida, LLC.

(d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.    <u>**Amendments to the Pleadings**</u>:

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in Local Rule 15.**

(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:

Defendant SPF requests additional time to determine the role of Plaintiff, if any, in the apparent scheme to manufacture TCPA claims in this action and the others listed above in bullet 4(d).  If discovery identifies that Plaintiff was indeed involved in this scheme, then SPF reserves the right to petition the court under Rule 15 for leave to file a counterclaim.

(b)    Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.    <u>**Filing Times for Motions**</u>:

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions.  These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).**

**(a)    Motions to Compel:**  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

**(b)    Summary Judgment Motions:**  within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

**(c)    Other Limited Motions:**  Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

**(d)    Motions Objecting to Expert Testimony:**  Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

The parties propose and request the deadline by which Plaintiff must file a motion for class certification be twelve months from the date of entry of this Scheduling Order.

The parties propose and request the deadline by which the parties must file dispositive motions should be sixty (60) days from the date the Court rules on Plaintiff's motion for class certification.

The parties propose and request the below expert disclosure schedule:

Plaintiff to disclose expert(s) and serve expert report(s) by July 1, 2026

Defendant to disclose expert(s) and/or any rebuttal expert(s) and serve expert report(s) by August 3, 2026; and

11

Plaintiff to disclose any rebuttal expert(s) and serve rebuttal expert report(s) by August 31, 2026

**Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection:**

None.

8. **Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Not applicable.

9. **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in Local Rule 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period,

57274455.2

and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

Plaintiff's Statement:

The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support an anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. The Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto. Plaintiff intends to submit expert testimony relevant to class certification and that expert discovery prior to class certification will likely be necessary as a result.

Defendant's Statement:

Defendant SPF intends to take discovery on Plaintiff's affiliation with the Sheth individuals, her ownership of the telephone line in question, and her communications and internet visits related to the consent submissions giving rise to the TCPA claims in this matter and the others listed above by submitting other people's information with her telephone line to multiple companies, including but not limited to the consents provided to those other companies.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties do not believe that discovery should be conducted in phases.

The parties currently do not anticipate that additional time may be needed.

The parties agree and request the deadline to complete discovery should be August 28, 2026.

**10.** **Discovery Limitations:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

None.

(b)    Is any party seeking discovery of electronically stored information?

57274455.2

        ⊠   **Yes**      ☐   **No**

**If "yes,"**

(1)    The parties have discussed the scope of the electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties have discussed the scope of discovery and have agreed to limit the scope as follows: The parties agree that there is not extensive electronic information relative to this case. The parties agree however to exchange discovery electronically and will provide documents in pdf, and if necessary native format and/or searchable PDFs. If the parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

(2)    The parties have discussed the format for the production of electronically stored information (TIFF or .TIF files), Portable Document Format (PDF) or native, method of production (e.g., paper or disk), and the inclusion or exclusion of the use of metadata, and have agreed as follows:

The parties have discussed the scope of discovery and have agreed to limit the scope as follows: The parties agree that there is not extensive electronic information relative to this case. The parties agree however to exchange discovery electronically and will provide documents in pdf, and if necessary native format and/or searchable PDFs. If the parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

**11. Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties intend to seek a protective order of confidentiality.

**12. Settlement Potential:**

**(a)    Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on January 20, 2026and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.**

For Plaintiff:                          */s/ Anthony Paronich*

For Defendant:                       */s/ Jason W. McElroy*

**(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

☐    A possibility of settlement before discovery.

☒    A possibility of settlement after discovery.

☐    A possibility of settlement, but a conference with the judge is

needed.

☐    No possibility of settlement.

**(c)    Counsel ☐ do   ☒ do not intend to hold additional settlement**

**conferences among themselves prior to the close of discovery.**

(d)    The following specific problems have created a hindrance to settlement of this case.

None at this time.

13. **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

The parties ☐ **do**   ☒ **do not** consent to having this case tried before a magistrate judge of this court.

Respectfully submitted in this 23rd day of February, 2026

> /s/ Anthony I. Paronich
> Anthony I. Paronich (admitted *pro hac vice*)
> Paronich Law, P.C.
> 350 Lincoln Street, Suite 2400
> Hingham, MA 02043
> Tel: (617) 485-0018
> anthony@paronichlaw.com
> *Counsel for Plaintiff and the proposed class*
>
>
> /s/ Jason W. McElroy
> Jason W. McElroy (Pro Hac Vice)
> Saul Ewing LLP
> 1919 Pennsylvania Ave. NW, Suite 550
> Washington, DC 20006
> Tel:  (202) 295-6642
> Jason.mcelroy@saul.com

17

Matthew R. Rosenkoff
Georgia Bar No. 842117
Ardis Law LLP
2300 Windy Ridge Pkwy SE
Atlanta, GA 30339
Telephone: (470) 762-6524
mrosenkoff@ardis.law

***Counsel for Defendant Sun
Protection of Florida, LLC***